U·



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

ARG. FILE No. 418

April 6, 1939

Honorable Charles S. McMillan
County Attorney
San Augustine County
San Augustine, Texas

Dear Sir:

Opinion No. O-418
Re: Application of Article 7336f
to judgments for taxes, and
running of limitation against
judgments for the State.

This is in answer to your letters of February 10 and February 20, 1939. In your first letter you quote from Senate Bill No. 407, ch. 128, p. 355, Acts 1935, Forty-fourth Legislature, Regular Session (now codified as Article 7336f in Vernon's Revised Civil Statutes) as follows:

"The collection of all delinquent, ad valorem taxes due the State, county, municipality or other defined subdivision that were delinquent prior to December 31st, 1919, is forever barred."

You then ask these questions:

(First)  "Does the latter act apply to delinquent taxes prior to December 31st, 1919, for which a judgment has been rendered on the tax lien and recorded before the above date.

(Second) "Also does the latter act apply to judgments rendered after 1919, but on delinquent taxes prior to 1919.

(Third)  "Does the statute of limitations run against these judgments secured by the state and sub-divisions thereof." (Parenthesis ours)

Honorable Charles S. McMillan, April 6, 1939, Page 2

As your first and second questions are so closely related we will discuss them together. It will be noticed that the statute says "the collection of all delinquent ad valorem taxes * * * is * * * barred." We believe it means only what it says, and that is that only delinquent ad valorem taxes are barred; and it does not mean that the collection of judgments are barred, although the judgments are for ad valorem taxes. The State's claim for taxes due and a judgment in favor of the State for taxes are two different things. As long as it was only a cause of action for taxes due, without being reduced to judgment, it was subject to any defense the particular taxpayer might have to the payment of those taxes, but when it became a judgment it thereby became a different kind of debt, which was not subject to those defenses. Before judgment it was a cause of action for taxes due, but after judgment it was a debt by virtue of the judgment, and the elements of taxation and tax law were no longer connected with it. The difference is well explained in the case of Fisher's Ex'rs vs. Hartley, (W. Va. Sup. Ct. App.) 48 W.Va. 559, 37 S.E. 578, 59 L.R.A. 215, as follows:

"No matter what the cause of action on which that judgment rested, the law is well settled that, whatever that cause of action was, it is merged, closed, and drowned in that personal judgment; for, when a personal judgment is rendered upon any cause of action, that cause cannot be again made the subject of a suit, and the judgment is thereafter the sole test of the rights of the parties, - constitutes a new debt, of the highest dignity, closing the statute of limitations on the original cause of action. Such is the general law. 15 Am. & Eng. Enc. Law, 336; Freem. Judgm. Secs. 215-217. By the judgment the debt is 'changed into a matter of record and merged in the judgment, and the plaintiff's remedy is upon the latter security while it remains in force.' 'The original claim has, by being sued upon and merged in the judgment, lost its vitality and expended its force and effect.' Black Judgm. Sec. 674."

The statute in question was passed in 1935, and the judgments for taxes that you refer to were obtained by the State prior to that time, some being obtained prior to 1919, and those referred to in your second question being obtained after 1919 but before 1935. If the Legislature had intended for the collection of judgments for taxes to be barred it would have said so, instead of mere-

ly saying "the collection of all delinquent ad valorem taxes due" were to be barred.

We do not believe that the Legislature intended for this statute to apply to judgments already in existence at the time it was passed; and, therefore, our answer to both your first question and your second question is "no".

We will now endeavor to answer your third question. We assume you have reference to Article 5532 of the Revised Civil Statutes, which reads as follows:

"A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

The construction that the Texas courts have placed on this Article is expressed in 26 Tex. Jur. 467, as follows:

"By its terms this statute applied both to proceedings to revive and actions on judgments. And it expressly bars any action where execution has not issued, if brought after the expiration of ten years from the date of the judgment.

"Although the statute makes no provision for a case in which execution has issued, by analogy, it is held that an action is barred at the expiration of ten years from the date when the last execution issued."

Such was the holding in Dupree vs. Gale Manufacturing Co. (Tex. Sup. Ct.) 107 Tex. 649, 184 S.W. 184; Wilcox vs. First National Bank (Tex. Sup. Ct.) 93 Tex. 322, 55 S.W. 317; and the very recent case of Gillam vs. Matthews (Tex. Civ. App.) 122 S.W. (2d) 348.

A reading of the Texas cases show that the courts consider this a statute of limitation. In the case of Wilcox vs. First National Bank, supra, the court, speaking through Chief Justice Gaines, said:

"The provision in our Revised Statutes in reference to limitation upon judgments is as follows: 'A judgment in any court of record

within this state, where execution has not is-
sued within twelve months after the rendition
of the judgment, may be revived by scire facias
or an action of debt brought thereon within ten
years after the date of such judgment, and not
after.' Rev. St. art. 3361. The limitation is
express where execution has not issued within
12 months, but where execution has so issued no
period of limitation is expressly prescribed.
But no reason is seen why the Legislature should
prescribe a limitation in the one case and not
in the other; and therefore it has been repeat-
edly held that, where execution has been sued
out within 12 months from the date of a judgment,
an action upon it will not be barred until the
lapse of 10 years from the date of the last exe-
cution or the last act of diligence."

In the case of Dupree vs. Gale Manufacturing Company, supra, the
court, speaking through Chief Justice Phillips, said:

"We have never had a statute, and have none
now, expressly prescribing the period of limita-
tion for an action to revive a judgment upon
which an execution has duly issued. The only
statute upon the subject relates to judgments
upon which execution has not so issued. It was
enacted at an early day, in 1841, being present
Article 5696." (Which is now Article 5532)

In the case of Gillam vs. Matthews, supra, by the Court of Civil Ap-
peals at Fort Worth, the court, speaking through Chief Justice Dunk-
lin, said:

"Accordingly, the ten year period of limi-
tation prescribed in Art. 5532 is applied when
execution has been issued on the judgment sought
to be revived, and is made to run from the date
of the issuance of the execution."

We have given these last three quotations to show that the courts
refer to and consider the present Article 5532 as a statute of limi-
tation.

This brings us down to the well established rule in Texas
that the state is not bound by a statute of limitation, unless it
is expressly provided otherwise. In the case of Brown vs. Sneed, 77
Tex. 471, 14 S.W. 248, the court said:

Honorable Charles S. McMillan, April 6, 1939, Page 5

> "The doctrine that laches is not imput-
> able to the government was a controlling reason
> for the rule that limitation did not apply to
> the state, unless it was included. The consider-
> ations of wise public policy which were supposed
> to uphold this doctrine rested upon the theory
> that the head of the government was engrossed
> with the cares and duties of state, and that the
> public should not therefore suffer by reason of
> the negligence of his servants. Discussing this
> question, the supreme court of the United States
> use this language: 'In a representative govern-
> ment, where the people do not and cannot act in
> a body, where their power is delegated to others,
> and must of necessity be exercised by them, if
> exercised at all, the reasons for applying these
> principles is equally cogent.' U.S. v. Thompson,
> 98 U.S. 489. The principles referred to were em-
> bodied in the maxim to the effect that no time
> runs against the government. It is upon this
> principle, applicable alike to all governments
> necessarily acting through numerous agents, and
> essential to the preservation of the interests
> and property of the public, that the statute of
> a state prescribing periods of time within which
> rights must be asserted are held not to embrace
> the state itself unless expressly designated."

In the case of Delta County vs. Blackburn, 100 Tex. 51, 93 S.W. 419,
the court said:

> "In the case of Brown vs. Sneed, 77 Tex.
> 471, 14 S.W. 248, any doubt that might have been
> left by previous decisions as to whether or not
> the statute runs against the state in personal
> actions when suing in its governmental capacity
> was removed, and it was held that mere silence
> of some of the statutes on the subject and ex-
> press provisions of others that they should not
> bar the state did not affect the rule of the
> common law which exempted the sovereign from
> the operation of such statutes. See, also,
> Stanley v. Schwalby, 85 Tex. 353, 19 S.W. 264.
> In the case of Coleman v. Thurmond, 56 Tex.
> 514, it was broadly stated that the statute did
> not run against a county for the reason that it
> was a part of the state, performing a portion
> of its governmental functions, and entitled to
> the immunity that belonged to it. In Houston &

Texas Central Railway Co. vs. Travis County, 62 Tex. 18, the principle was limited to cases 'where the sovereignty is substantially interested in and vested with the right and ownership of the subject matter in litigation and which is sought to be subjected to the operation of the statutes of limitations,' and it was, in effect, held that in other classes of cases the statute operates against counties. This distinction seems to be generally observed with reference to municipal corporations and to protect causes of action asserted by them when 'they are of a public nature, and such as pertain purely to governmental affairs.'"

As we understand it the judgments in question are in the name of the State, and the State is a real party with an interest by virtue of the fact that part of the taxes each judgment was taken for were due the State.

It is our opinion that Article 5538, as well as any other statute of limitation, does not operate against the State; and, therefore, our answer to your third question is "no".

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Rotsch_

Cecil C. Rotsch
Assistant

CCR:FG


APPROVED:

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS